# EXHIBIT A

| | |
|---|---|
| P&I INSURANCE SERVICES, LLC<br>1489 Baltimore Pike, Suite 201<br>Springfield, PA 19064<br><br>Plaintiff,<br><br>vs.<br><br>DONALD BLIZZARD<br>1138 Putnam Boulevard<br>Wallingford, PA 19086<br><br>Defendant. | SUPERIOR COURT OF NEW JERSEY<br>CIVIL DIVISION<br>MERCER COUNTY<br><br>FILED<br>JUL 21 2023<br>SUPERIOR COURT OF NJ<br>MERCER VICINAGE<br>CIVIL DIVISION<br><br>Docket No. MER-DJ-050181-23<br><br>**ORDER CHARGING DEFENDANT'S INTEREST IN GLOBAL INTERXCHANGE LLC** |

**THIS MATTER**, having come before the Court upon the application of Robson & Robson, P.C., attorneys for Plaintiff P&I Insurance Services, LLC ("P&I"), for a charging order against Defendant Donald Blizzard's ("Blizzard") interest in Global Interxchange LLC ("GIX"), and the Court having considered the moving papers of counsel, and any opposition thereto:

On this 21st day of July, 2023, the Court finds as follows:

(1) P&I holds an enforceable judgment against Blizzard in the amount of One Million Six Hundred Twelve Thousand One Hundred Ten Dollars and Zero Cents ($1,612,100.00), which was properly recorded in the State of New Jersey under the Uniform Enforcement of Foreign Judgment Act on April 21, 2023 and which has not been satisfied;

(2) Blizzard holds an interest in GIX; and

(3) Notice of P&I's application for a charging order has been served upon Blizzard and GIX thought its counsel, Justin Santagata, Esquire of the Cooper Levinson firm.

Based upon the foregoing findings, it is hereby **ORDERED** as follows:

(1) Blizzard's interest in GIX is hereby charged with a lien until the judgment held by P&I has been satisfied in full;

(2) All distributions made by GIX to Blizzard's interest in GIX shall instead be paid immediately to P&I c/o P&I's attorney at Robson & Robson P.C., Attn. Edward S. Robson, Esquire, 2200 Renaissance Boulevard, Ste 270, King of Prussia, Pennsylvania 19406;

(3) Blizzard is hereby prohibited from receiving from GIX any other money or assets other than distributions, whether by way of loans, fees or payment of the obligations of Blizzard such as Blizzard's credit cards, or otherwise;

(4) Should Blizzard receive or otherwise come into possession, by whatever means, of any moneys or assets from GIX, the Blizzard shall immediately advise P&I of the same, and immediately remit those moneys or assets to P&I c/o P&I's attorney at Robson & Robson P.C., Attn. Edward S. Robson, Esquire, 2200 Renaissance Boulevard, Ste 270, King of Prussia, Pennsylvania 19406;

(5) Upon Blizzard's receipt of any financial information from GIX, including, but not limited to, financial statements, annual statements, notifications of distributions made or to be made, U.S. Internal Revenue Service Form K-1, any other state or federal tax forms or statements, Blizzard shall immediately provide a copy thereof to the P&I;

(6) A copy of the within Order shall be served upon GIX within seven (7) days of receipt by counsel for P&I; and

(7) Any violation of this order may be punishable by contempt.

BY THE COURT:

[signature] J.

F. PATRICK McMANIMON, J.S.C.